Paul H. Galligan (PG-3083)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
CHEVANEESE CLARKE,                                 : Civil Action No. 15-cv-00008-JMF
:
         Plaintiff,                                  : ECF CASE
:
    v.                                                 : **DEFENDANT'S MEMORANDUM**
                                                     : **OF LAW IN SUPPORT OF ITS**
THE LEADING HOTELS OF THE WORLD, an : **MOTION FOR A MORE**
HRI COMPANY                                        : **DEFINITE STATEMENT**
:
         Defendant.                                   :
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant The Leading Hotels of the World, Ltd. (incorrectly named as "The Leading Hotels of the World, an HRI Company,"), through counsel, respectfully moves this Court for an Order pursuant to Fed. R. Civ. P. 12 (e) requiring Plaintiff to provide a more definite and coherent statement regarding the causes of action upon which she seeks relief.

**BACKGROUND**

Leading Hotels employed Plaintiff from September 11, 2000 until August 26, 2014, when her employment was terminated for, among other things, insubordination. One week later, on September 2, 2014, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission asserting unspecified claims of race, color, religion, national origin and age discrimination. Defendant received no narrative describing Plaintiff's allegations and was

not required by the EEOC to respond to Plaintiff's Charge.  On September 8, 2014, *just six days after Plaintiff filed her charge*, the EEOC issued a Dismissal and Notice of Rights, stating it was "unable to conclude that the information obtained establishes violations of the statutes." *See* Charge and Dismissal, attached hereto as Exhibit A.

On December 4, 2014, Plaintiff filed a pro se Complaint in the Supreme Court of the State of New York, County of New York, asserting "Discrimination based on National Origin, Disparate and Unfair Treatment, Hostile Harassment, Retaliation, Intimidation, Bullying, Defamation of Character, Violation of Civil Rights under Title VII of the Civil Rights Act and Equal Pay Act and Theft under the New York Penal Law Article 155 through the years of plaintiff's employment and after from dates including September 11, 2000 through September 31." (Doc. No. 2.)  Defendant removed the action to this Court on January 5, 2015, on the grounds of federal question jurisdiction, based upon Plaintiff's reference to Title VII of the Civil Rights Act and the Equal Pay Act.[1]

Plaintiff's purported causes of action are listed in one paragraph (no. 2) of her 72-paragraph Complaint, and the rest consists of a rambling, disconnected rendition of her fourteen year tenure with Leading Hotels.[2]  There is no nexus between the facts in Plaintiff's Complaint and the "causes of action" she lists in paragraph 2, nor are her claims temporally tied to a period of time.  Defendant, therefore, is left with the unfair burden of deciphering a morass of claims involving unidentified individuals, the prohibited acts they allegedly committed (and when), and

---

[1] Significantly, although Plaintiff's Complaint alleges an Equal Pay Act violation, she did not assert a sex discrimination claim in her EEOC charge, nor does Plaintiff's Complaint specifically cite discriminatory treatment based on sex.  This is just one example of Defendant's inability to decipher Plaintiff's Complaint before framing a responsive pleading.

[2] At the very end of her Complaint, Plaintiff asserts, in an unnumbered sentence, "Defendant breached the verbal and written and signed contracts to pay Plaintiff for the title and position of a Sales Manager."

the nature of adverse actions or damages Plaintiff allegedly suffered. In short, the Complaint does not satisfy Fed. R. Civ. P. 8. Accordingly, Defendant moves this Court for an Order requiring Plaintiff to make a more definite statement of her claims.

## **ARGUMENT**

Rule 8 of the Federal Rules of Civil Procedure specifies that "[a] pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a). Given Plaintiff's seemingly multi-count Complaint, each separate cause of action should be cognizable and supported by its own "short and plain statement of the claim showing that the pleader is entitled to relief sought." When, as here, a complaint lacks clarity, specificity, and corresponding facts such that it is impossible to prepare an adequate responsive pleading, the Federal Rules provide for a more definite statement. Federal Rule 12(e) instructs:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).

Plaintiff's Complaint fails to set forth claims in separate counts with corresponding facts and temporal scope, thereby creating confusion as to which claim or claims Plaintiff's chronology relates and when the supposed violations occurred. Plaintiff includes dozens of alleged facts which seemingly have no bearing on any of her asserted claims. For example:

- "On or before September 31, 2010, Defendant told employee that a 2009 Performance Evaluation would not be done due to the recession." (paragraph no. 24)

- "On or before September 31, 2010 Defendant, Kenan Simmons called Plaintiff into a meeting and asked if she would be offended if defendant were to promote Chelsea Eaton, Group Sales Coordinator and Robert Brunn, Corporate Sales Coordinator at which time Plaintiff told Defendant no." (paragraph no. 26)

- "On or before February 28, 2011 Defendant, Kenan Simmons told Plaintiff that detail of a promotion was being detailed because Kathleen Galvin, Sales Manager does not to share the same title.  Defendant told Plaintiff that to change her title to Associate Sale Manager Defendant and pay would be retroactive." (paragraph no. 33)

- "On or before September 12, 2012 Defendant implemented a Breach of Security Policy." (paragraph no. 53)

- "On or before January 10, 2014 Defendant canceled Plaintiff corporate American Express card without notice."

These are just a handful of the dozens of allegations in Plaintiff's Complaint with no apparent nexus to the claims referenced in paragraph 2.  And where substance *is* necessary, Plaintiff provides only general and non-descript statements, without any surrounding facts:

- "On or before May 31, 2011 Plaintiff complained to Defendant, Kenan Simmons that colleague were hostile to her." (paragraph no. 36)

- "On or before August 31, 2012 Plaintiff complained to Defendant about discrimination and disparate treatment." (paragraph no. 50)

- "On or before July 30, 2013 Plaintiff told Defendant that she was being harassed and retaliated against." (paragraph no. 57)

Even after careful examination of Plaintiff's Complaint, Defendant is still stumped: What are the causes of action Plaintiff asserts?  Under which statutes or legal theories is Plaintiff seeking relief?  Which so called facts allegedly support Plaintiff's causes of action?  To whom does Plaintiff causally connect to her allegations?  Approximately when did the supposed violations occur?  What, if any, adverse actions or damages did Plaintiff allegedly suffer?  Defendant cannot meaningfully formulate its defenses and prepare a responsive pleading based upon the vague and ambiguous nature of Plaintiff's Complaint, and unless the clutter is stripped away from the Complaint and replaced with coherent allegations discovery will be disastrous.[3]

---

[3] Given the EEOC's swift dismissal of Plaintiff's Charge, the administrative phase of Plaintiff's discrimination claims sheds no light on her allegations.

Defendant recognizes that Plaintiff is pro se and that the Court may, for good reason, be inclined to construe her Complaint more broadly. But at the same time, Defendant cannot be unduly impaired to defend this action because of Plaintiff's decision to not employ counsel. Rather than immediately filing a motion for dismissal under Fed. R. Civ. P. 12(b), Defendant, in good faith, seeks the Court's assistance in simply requiring Plaintiff to repair her deficient pleading. These are matters that should not be left for discovery, because early defenses may well lie under Fed. R. Civ. P. 12 (b)(6) or elsewhere, and Defendant should be afforded an opportunity to narrow this action, and prepare a thoughtful and informed responsive pleading to Plaintiff's Complaint, before embarking upon costly and extensive discovery. This, of course, is one of the bedrock principles of *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Supreme Court has made clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Specifically, a complaint must contain enough facts such that a court could "draw the reasonable inference that the defendant is liable for the misconduct alleged," and a plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. That is, a plaintiff must provide sufficient factual allegations to "nudge[] [her] claims across the line from conceivable to plausible." *Twombly.* 550 U.S. at 570. The Supreme Court directed: "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (citation and internal quotations omitted).

Here, Plaintiff does not even set forth "formulaic recitations of the elements" of her causes of action, let alone enough facts such that this Court could reasonably infer that Defendant is liable for "Discrimination based on National Origin, Disparate and Unfair Treatment, Hostile Harassment, Retaliation, Intimidation, Bullying, Defamation of Character, Violation of Civil Rights under Title VII of the Civil Rights Act and Equal Pay Act and Theft under the New York Penal Law Article 155." For these reasons, the Court should require Plaintiff to provide a more definite and coherent statement regarding the causes of action upon which she seeks relief.[4]

## CONCLUSION

Plaintiff's Complaint does not fairly put Defendant on notice regarding the causes of action Plaintiff will pursue in this case and the bases for those claims. Given the lack of clarity in Plaintiff's Complaint, the Court should require Plaintiff to submit a more definite statement of her claims pursuant to Fed. R. Civ. P. 12 (e).

In making this motion, Defendant and its counsel do not intend to needlessly delay the proceedings. Defendant stands ready to file an answer promptly upon service of a more complete amended complaint.

---

[4] Although Defendant is not moving to dismiss Plaintiff vague discrimination claims at this juncture, it nevertheless calls the Court's attention to recent Second Circuit decisions where plaintiffs' complaints were dismissed for failure to state a claim despite providing more detail than Plaintiff has provided in this case. *See EEOC v. Port Authority of New York and New Jersey*, 768 F. 3d 247 (2d Cir. 2014) (finding that plaintiffs failed to sufficiently allege violations of the Equal Pay Act and concluding that "while a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss…it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed") (citation and internal quotations omitted); *Brodt v. City of New York*, 4 F. Supp. 3d 562 (S.D.N.Y. 2014) (dismissing plaintiff's discrimination, hostile work environment and retaliation claims and holding that "[a] complaint must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of discriminatory intent") (internal quotations omitted).

Dated: New York, New York
February 11, 2015

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/ *Paul H. Galligan*

Paul H. Galligan
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
Telephone: (212) 218-5500
Facsimile: (212) 218-5526
pgalligan@seyfarth.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

  I, Paul H. Galligan, I hereby certify that on February 11, 2015, a copy of the foregoing Memorandum of Law in Support of Defendant's Motion for a More Definite Statement was electronically filed through the Court's CM/ECF system and was served upon pro se Plaintiff Chevaneese Clarke at the following address via Fed Ex:

> Chevaneese Clarke
> 21 Lillian Avenue
> Freeport, New York 11520

> /s/ *Paul H. Galligan*
> Paul H. Galligan

18978481v.4

United States District Court

Southern District of New York (Manhattan)

1:15-cv-00008-JMF

**Clarke v. The Leading Hotels of the World**

Assigned to: Judge Jesse M. Furman

# EXHIBIT A

**TO DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A MORE DEFINITE STATEMENT**

# U.S. Equal Employment Opportunity Commission Dismissal and Notice of Rights

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Chevaneese A. Clarke**
**21 Lillian Avenue**
**Freeport, NY 11520**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2014-03383 | **Emily F. Haimowitz,** Investigator | (212) 336-3759 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kevin J. Berry* (signature)     9/8/2014
Kevin J. Berry,       (Date Mailed)
District Director

Enclosures(s)

cc:  **Attn**
**Director of Human Resources**
**THE LEADING HOTELS OF THE WORLD, LTD**
**485 Lexington Avenue**
**New York, NY 10017**

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Attn<br>Director of Human Resources<br>THE LEADING HOTELS OF THE WORLD, LTD<br>485 Lexington Avenue<br>New York, NY 10017 | **PERSON FILING CHARGE**<br><br>**Chevaneese A. Clarke**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br>EEOC CHARGE NO.<br>**520-2014-03383** |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)    [ ] The Equal Pay Act (EPA)    [ ] The Americans with Disabilities Act (ADA)

[X] The Age Discrimination in Employment Act (ADEA)    [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by to
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| Emily F. Haimowitz,<br>Investigator<br>*EEOC Representative*<br>Telephone **(212) 336-3759** | **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004**<br>**Fax: (212) 336-3625** |

Enclosure(s): [ ] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] Race    [X] Color    [ ] Sex    [X] Religion    [X] National Origin    [X] Age    [ ] Disability    [ ] Retaliation    [ ] Genetic Information    [ ] Other

ISSUES: Discharge, Other, Terms/Conditions

DATE(S) (on or about): EARLIEST:    LATEST: 08-26-2014

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| September 2, 2014 | **Kevin J. Berry,**<br>**District Director** | *[signed] Kevin J. Berry* |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
District Office: (212) 336-3620

Dear Respondent:

You have just been served notice from the EEOC that a charge of discrimination has been filed against your organization. No action is required by you at this time.

The document submitted to us is referred to as an unperfected charge, meaning that it meets the EEOC's definition of a charge, but further review from the EEOC is needed before a document outlining the particulars of the charge can be served on you, pursuant to our procedures.

A "perfected charge" or more specific statement describing the details of charging party's allegations may be served on you in the near future, and you will be asked to respond to the allegations contained in the charge at that time. If for some reason the EEOC ceases processing of the charge, you will be notified when that occurs.

If you have not heard from our office 30 days after receiving this notice, you may call our District Office at (212) 336-3665 to obtain the status of the unperfected charge, and someone will assist you. Please do not contact our office prior to 30 days after receiving the notice.

If you would like to provide us with the contact information for the proper person with whom to communicate regarding this charge, or any other relevant information, please FAX the information to the attention of the "INTAKE UNIT" (referencing the EEOC Charge Number) to (212) 336-3790, and the information will be directed to the proper person.

Thank you for your cooperation in this matter.

Intake Unit
NYDO