UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                       :

CHEVANEESE CLARKE,                                 :
                                                       :
                     Plaintiff,              :                 15-CV-0008 (JMF)
                                                       :
                 -v-                             :         MEMORANDUM OPINION
                                                     :            AND ORDER
THE LEADING HOTELS OF THE WORLD, LTD.,    :
                                                       :
                     Defendant.            :
                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff Chevaneese Clarke, proceeding *pro se*, brings a litany of discrimination and

other claims against her former employer, the Leading Hotels of the World, Ltd.  Defendant

moves to dismiss, pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, and,

in the alternative, for a more definite statement pursuant to Rule 12(e).  Because Plaintiff fails to

allege any plausible federal claim, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

        Plaintiff was employed by Defendant from September 2000 until her termination on or

about August 26, 2014.  (Am. Compl. (Docket No. 13) 2-3).  Her Complaint is far from a model

of clarity, but it includes a slew of allegations concerning Defendant's actions over the course of

her employment.  For example, she appears to allege that she was notified of promotions that

never materialized.  (*See id.* at 2, 10).  She alleges that she asked for information on promotions

and that Defendant "intentionally denied Plaintiff of her rights to access of her electronic

signature or one in penmanship that would validate and reference the promotional title."  (*See id.*

at 3).  Asserting a claim of "intimidation," she reports that a co-worker told her that she was

"happy to learn [Plaintiff was] pregnant; now I can really take your job." (*Id.* at 7).  Plaintiff also

alleges that she was subjected to "contentious Performance Reviews" and that "Defendant

brought on board consultants who would maliciously crash [her] computer." (*Id.* at 8-9).

Plaintiff alleges that, in 2009, she was told she would not receive a raise for performing

additional work and that she could either continue to perform the work or have it reassigned to a

colleague. (*See id.* at 9).  She describes a variety of tasks she was asked to perform as part of her

job and meetings she requested with superiors that were denied. (*See id.* at 4-5, 8, 9-11).

Finally, Plaintiff alleges that Defendant's "real reason" for firing her "was not for

'insubordination' but based on a cover up.  Defendant fabricated the story, a promotional pay in

2012 and Plaintiff's refusal to do the work of an Associate Sales Manager, knowing his strategy

in having Plaintiff identified under such a title would some kind of relief from damages." (*Id.* at

3).  At bottom, Plaintiff's principal complaints appear to be that she was promised promotions

and pay raises that never came through — but for which she took on additional duties — and was

ultimately unfairly terminated from her position.

## LEGAL STANDARDS

In evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all

facts set forth in the complaint as true and draw all reasonable inferences in the plaintiff's favor.

*See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008).  A claim will

survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a

claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  A plaintiff must

show "more than a sheer possibility that a defendant acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570. Finally, because Plaintiff is proceeding *pro se*, her Complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nonetheless, a *pro se* litigant must still state a plausible claim for relief. *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). Put another way, the Court's "'duty to liberally construe a plaintiff's complaint [is not] the equivalent of a duty to re-write it.'" *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (alteration in original) (quoting 2 Moore's Federal Practice § 12.34[1][b], at 12–61).

## PLAINTIFF'S EMPLOYMENT DISCRIMINATION CLAIMS

The most substantial allegations in Plaintiff's Complaint ("substantial" being a relative term) sound in the realm of employment discrimination. Read liberally, the Complaint could be read to allege disparate treatment, hostile work environment, disparate impact, retaliation, and failure to promote claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (*See* Am. Compl. 2-5, 9-11). As Defendant notes (*see* Def.'s Mem. Law Supp. Mot. To Dismiss &, Alternatively, More Definite Statement (Docket No. 17) ("Def.'s Mem.") 11-12), there are significant statute of limitations issues with many of Plaintiff's claims, some of which date back to the beginning of her employment with Defendant in 2000. Nevertheless, the Court need not parse the timeliness of Plaintiff's claims because they fail as a matter of law regardless.

First, Plaintiff's claim of disparate treatment is evaluated under the well-known burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and

3

its progeny.  *Twombly* and *Iqbal* notwithstanding, the Supreme Court has held that, to survive a motion to dismiss, "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in [*McDonnell Douglas*]."  *Twombly*, 550 U.S. at 569 (first alteration in original) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).  Significantly, the Second Circuit recently clarified the applicability of *Iqbal*'s plausibility requirement in light of *Swierkiewicz.  See Littlejohn v. City of N.Y.*, 795 F.3d 297 (2d Cir. 2015).  The Court of Appeals held that "[t]he facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination"; instead, "[t]hey need only give plausible support to a minimal inference of discriminatory motivation."  *Id.* at 311.  Under that standard, a plaintiff can survive a motion to dismiss if she alleges "(1) that she is a member of a protected class, (2) that she was qualified for the position she sought, (3) that she suffered an adverse employment action, and (4) can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation."  *Id.*  "The fact that a plaintiff was replaced by someone outside the protected class will ordinarily suffice for the required inference of discrimination at the initial prima facie stage of the Title VII analysis, including at the pleading stage."  *Id.* at 313.

Plaintiff fails to meet even that minimal burden, as there is nothing in the Complaint that even remotely, let alone plausibly, suggests discriminatory motivation.  Plaintiff does allege that she was a member of a protected class — namely, that she was the "only dark skinned Black with National Origin from Jamaica to work in the Sales Office located in the company's Headquarters."  (Am. Compl. 2).  And her termination plainly qualifies as an "adverse employment action."  But Plaintiff makes no allegations about who, if anyone, replaced her and

whether her replacement was from outside the protected class.  Further, other than stating at the outset that Plaintiff is a member of a protected class, the Complaint does not include a single allegation that could implicate discrimination on the basis of race, sex, or national origin.  *See Moore v. Greyhound Bus Lines*, 15-CV-5512 (JG), 2015 WL 6128874, at *2 (E.D.N.Y. Oct. 16, 2015); *Frederick v. Capital One Bank (USA), N.A.*, No. 14-CV-5460 (AJN), 2015 WL 5521769, at *4 (S.D.N.Y. Sept. 17, 2015); *see also, e.g.*, *Johnson v. Morrison & Foerster LLP*, No. 14-CV-428 (JMF), 2015 WL 845723, at *6 (S.D.N.Y. Feb. 26, 2015) ("The mere fact that Plaintiff is a member of [a protected group] is necessary to state a claim under Title VII . . . , but it is plainly insufficient by itself to support an inference of discrimination *because of* those protected characteristics.").  To the contrary: The Complaint itself says that the "real reason" for Plaintiff's termination was "a cover up" — and fails to allege what Defendant was trying to hide, let alone to connect the "cover up" to discrimination in violation of Title VII.  (Am. Compl. 3).

Plaintiff's hostile work environment claim fails for similar reasons.  To prevail on such a claim, a plaintiff must show that she was subjected to offensive conduct that bears "a linkage or correlation to the claimed ground of discrimination."  *Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002); *see Johnson*, 2015 WL 845723, at *4-5 ("[A] plaintiff alleging a hostile work environment claim must also establish that the conduct at issue was not merely tinged with offensive connotations, but actually constituted discrimination because of race or another protected category." (internal quotation marks and alterations omitted)).  Here, Plaintiff offers no facts to suggest that she was subjected to offensive conduct — much less that the offensive conduct was motivated by discrimination on the basis of race, sex, or national origin.  At most, she quotes a co-worker who told Plaintiff that she wanted to take her job.  (*See* Am. Compl. 7).  That neither rises to the level of "severe or pervasive" conduct, *see O'Dell v. Trans World*

*Entm't Corp.*, 153 F. Supp. 2d 378, 386 (S.D.N.Y. 2001), nor suggests discriminatory animus, *see Sanders v. Grenadier Realty, Inc.*, 367 F. App'x 173, 175 (2d Cir. 2010) (summary order).

Finally, Plaintiff's disparate impact, retaliation, and failure to promote claims fail as a matter of law. To survive a motion to dismiss, a disparate impact claim must identify a specific employment practice that causes a disparate impact. *See Swierkiewicz*, 534 U.S. at 512; *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998). But Plaintiff neither identifies a specific practice nor any disparate impact on a protected group. (*See* Am. Compl. 4-5). For a successful Title VII claim based on a failure to promote, the plaintiff must "allege that she or he applied for a specific position or positions and was rejected therefrom, rather than merely asserting that on several occasions she or he generally requested promotion." *Brown*, 163 F.3d at 710. Plaintiff makes no such allegations here. She alleges numerous times that a superior indicated the company would "change her title" and that she asked for information generally on promotions, but she never states that she applied for a particular position. (*See* Am. Compl. 2, 3, 10). And while Plaintiff alleges that she "made several claims to Defendant about retaliation" (*see id.* at 7), any retaliation claim under Title VII fails because she does not contend that the retaliation was in return "for [her] opposition to discriminatory practices" prohibited by Title VII. *Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1177 (2d Cir. 1996); *see* 42 U.S.C. § 2000e-3(a) ("It shall be an unlawful employment practice for an employer to discriminate . . . because [an employee] has opposed any practice made an unlawful employment practice by this subchapter."). Plaintiff's Title VII claims, therefore, must be and are dismissed.[1]

---

[1]      Plaintiff also references the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"). (*See* Am. Compl. 4). Any claim under the EPA, however, would fail for the same reason — namely, that Plaintiff fails to allege any disparity in Defendant's employees' pay on the basis of sex. *See, e.g.*, *Ryduchowski v. Port Auth. of N.Y. & N.J.*, 203 F.3d 135, 142 (2d Cir. 2000) ("To establish a prima facie violation of the EPA, a plaintiff must demonstrate that (i) the employer pays different

## PLAINTIFF'S OTHER FEDERAL CLAIMS

Plaintiff's other potential federal claims — brought under Title 18, United States Code, Section 1028; Title 31, United States Code, Section 5317; and the First, Fifth, Sixth, Ninth, Eleventh, Thirteenth, and Fourteenth Amendments — can be swiftly dismissed.

First, as Defendant notes (*see* Def.'s Mem. 8), Plaintiff's statutory claims fail because neither statute includes a private right of action. *See Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (holding that Section 1028 "is criminal in nature and provides no private right of action"); *Rahmani v. Resorts Int'l Hotel, Inc.*, 20 F. Supp. 2d 932, 937 (E.D. Va. 1998) (same); 31 U.S.C. § 5317 (granting authority only to the Secretary of the Treasury to apply for a warrant under the statute, to customs officers for searches, and providing for criminal and civil forfeitures); *see also Suter v. Artist M.*, 503 U.S. 347, 365 (1992) (noting that the burden is on a plaintiff to show that there is a private right of action under a federal statute).  Second, Plaintiff's First, Fifth, Sixth, and Fourteenth Amendment claims fail because, among other things, Defendant is a private entity and there is no allegation of state action.  *See United States v. Stein*, 541 F.3d 130, 146-47 (2d Cir. 2008) (discussing state action as a necessary predicate to a Sixth Amendment violation); *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d. Cir.

---

wages to employees of the opposite sex; (ii) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (iii) the jobs are performed under similar working conditions." (internal quotation marks omitted)).  And while Plaintiff invokes the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") (*see* Compl. 1, 4-5), she does not provide any specifics about the alleged uncompensated overtime — including the number of hours and days worked, breaks taken, and the like.  *See, e.g.*, *Nakhata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."); *DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 509 (E.D.N.Y. 2011) ("[P]laintiffs must provide at least some approximation of the overtime hours that defendants required them to work and a time frame for when those hours were worked." (citing cases)).  Accordingly, those claims, too, must fail.

2004) ("The right to due process established by the Fourteenth amendment applies only to government entities."); *D.L. Cromwell Invs., Inc. v. NASD Reg., Inc.*, 279 F.3d 155, 161 (2d Cir. 2002) ("To establish a Fifth Amendment violation, a plaintiff must demonstrate that in denying the plaintiff's constitutional rights, the defendant's conduct constituted state action." (internal quotation marks omitted)); *Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cnty.*, 252 F.3d 545, 551-552 (2d Cir. 2001) ("The First Amendment applies only to state actors." (internal quotation marks omitted)).  Next, Plaintiff's Ninth and Eleventh Amendment claims cannot proceed because the former is only a "rule of construction," and "not an independent source of individual rights," *Jenkins v. Comm'r of IRS*, 483 F.3d 90, 92 (2d Cir. 2007), and the latter relates only to suits in federal court "against non-consenting *states*," *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015) (emphasis added).  Finally, the Complaint does not even come close to alleging the kind of "involuntary servitude enforced by the use or threatened use of physical or legal coercion" that would support a claim under the Thirteenth Amendment. *United States v. Kozminski*, 487 U.S. 931, 944 (1988).

## PLAINTIFF'S STATE-LAW CLAIMS

Finally, to the extent Plaintiff appears to assert state-law claims — for wage theft under New York Labor Law § 195 (*see* Am. Compl. 2), defamation (*see* Am. Compl. 3-4), "bullying," "sabotage" (*see* Am. Compl. 8), and breach of contract (*see* Am. Compl. 11), among others — the Court declines to exercise supplemental jurisdiction pursuant to Title 28, United States Code, Section 1367.  Under that provision, a district court has discretion over whether to exercise jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  The Supreme Court and the Second Circuit have

made clear, however, that, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'"  *In re Merrill Lynch Ltd. P'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  Here, there is no reason to depart from that general rule.  Given the relatively early state of the case, the traditional "values of judicial economy, convenience, fairness, and comity" that the Court must consider, *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), do not counsel in favor of exercising jurisdiction.  Accordingly, Plaintiff's remaining claims are dismissed.

## CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is GRANTED, and the Complaint is dismissed in its entirety.[2]  The only remaining question is whether Plaintiff should be granted leave to amend her Complaint.  Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks omitted), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Here, the Court declines to grant leave to amend *sua sponte*.  First, a district court may deny leave to amend when, as here, amendment would be futile because the problem with the claim "is substantive [and] better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Second, Plaintiff was previously granted leave to amend to cure deficiencies raised in Defendant's first motion for a more definite statement, and

---

[2]       In light of that conclusion, the Court need not, and does not, reach Defendant's argument for dismissal pursuant to Rule 8 or its motion in the alternative for a more definite statement pursuant to Rule 12(e).  (*See* Def.'s Mem. 4-9).

was explicitly cautioned that she "w[ould] not be given any further opportunity to amend the complaint to address issues raised by the motion."  (Docket No. 12).  Notably, Plaintiff filed an amended complaint that is even less illuminating than her initial complaint.  (*Compare* Docket Nos. 2 and 13).  She then failed to respond to Defendant's motion to dismiss, and — when ordered to show cause why the motion should not be treated as unopposed — filed a two-page letter that largely resorts to *ad hominem* attacks on Defendant and its counsel.  (*See* June 17, 2015 Ltr. (Docket No. 21)).  Finally, Plaintiff "has not requested permission to file a Second Amended Complaint, nor has [s]he given any indication that [s]he is in possession of facts that would cure the problems identified in this opinion."  *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is directed to terminate Docket No. 16, to mail a copy of this Memorandum Opinion and Order to Plaintiff, and to close the case.

SO ORDERED.

Date:   October 29, 2015
New York, New York

JESSE M. FURMAN
United States District Judge